■ ARIEH CARMI, Respondent, v FRED W. SCHAAF et al., Appellants. — Judgment unanimously reversed, with costs, and judgment granted in favor of defendants in accordance with the following memorandum: This appeal concerns a dispute over ownership of a wedge of property between two adjoining cottage lots bounded on the east by Keuka Lake. The defendants' parcel — the northerly one — has a 48-foot long retaining wall on its eastern edge along the waterfront. At the southernmost tip the wall makes a right angle turn and continues for about 13 feet in a westerly direction. Plaintiff urges and Trial Term found that the east-west portion of the wall marks the southern boundary of defendants' property. Defendants contend that their south boundary line is nearly five feet to the south of the wall. They base their claim on the deed to their premises which fixes as the northeast corner of their property and as the place of beginning for the deed description an iron stake located in a gully. The deed describes the eastern boundary of the property as being 53 feet along the water's edge and ending at its northern most point at the iron stake. It is undisputed that at the time of trial there was a stake in a gully at the point which defendants claimed marked the northeast corner of their property. While adopting the iron stake referred to in the deed as marking the northeast corner of the property, Trial Term found that the stake had been moved and that its original location referred to in the deed was five feet north of its location at the time of trial. By measuring 53 feet southerly of the "original" stake, the court established defendants' southeast boundary line at the southern edge of their retaining wall, thus validating plaintiff's claim to the disputed parcel. This was error. The defendants' deed is unambiguous. It unequivocally and completely describes defendants' property using the iron stake as the reference point for the place of beginning. It is an accepted rule that the place of beginning in a deed description is "[the] controlling circumstance in determining the true location" of the property (1A Warren's Weed, NY Real Property, Description § 2.10). Here, the place of beginning is marked by a visible existing monument. There is no evidence in the record supporting any conclusion other than that the location of the stake at the time of trial was the place of beginning referred to in the deed. There was unrefuted testimony that the stake had been in the same place since the late 1930's. Defendants called a licensed surveyor who supported their position. Plaintiff's proof consisted essentially of a map which was not shown to be a survey and which was admitted into evidence by the court "to show general location only * * * but not [to show] * * * exact dimensions, boundary lines, or compass lines" and of evidence concerning other "markers" not referred to in any relevant deed (viz., an iron stake near the disputed boundary line, a row of daffodils, and the southern end of defendants' retaining wall). This was insufficient to rebut defendants' case which was based on an unambiguous deed of record and an existing monument referred to therein. We also find that Trial Term's alternative holding that plaintiff established title to the parcel by adverse possession is inconsistent with the court's finding that plaintiff's use of the parcel was not exclusive and is not supported by the evidence. We hold that

defendants are the owners of the disputed parcel. (Appeal from judgment of Supreme Court, Steuben County, Boehm, J. — adverse possession.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.